Filed 9/6/22  P. v. Martinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL KEITH MARTINEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B310331<br>(Super. Ct. No. NA081091)<br>(Los Angeles County) |

In 2013, Daniel Keith Martinez and his co-defendant Raul Tiscareno were convicted, by jury, of the first degree murder of Ginie Samayoa.  The jury also found true the special circumstances allegation that the murder occurred during the commission of a robbery.  (Pen. Code, §§ 187, 190.2, subd. (a)(17).)[1]  In 2020, appellant filed a facially sufficient petition for

---

[1] All further statutory references are to the Penal Code.

resentencing under former section 1170.95 (now section 1172.6).[2] The trial court summarily denied the petition without appointing counsel, reasoning that the special circumstance finding meant appellant was not eligible for resentencing as a matter of law. We conclude the trial court erred when it failed to appoint counsel. The error was, however, harmless because the trial record establishes appellant is ineligible for section 1172.6 relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 974 (*Lewis*).) Accordingly, we affirm the order denying appellant's petition for relief under section 1172.6.

*Facts*

Ginie Samayoa was found dead, sitting in the driver's seat of her car with a single gunshot in the back of her head. The car's engine was still running and it was parked in an alley behind the apartment building where she had been living. About 30 minutes before her body was discovered, neighbors saw Samayoa leave the building with appellant, co-defendant Raul Tiscareno and Michael Bonfiglio. Another neighbor saw the group get into Samayoa's car.

Samayoa had been supporting herself by using a laptop computer to make fraudulent credit cards and gift cards. Bonfiglio, who was acquainted with Samayoa through his girlfriend, wanted Samayoa to give him a computer and the software that allowed her to create the cards. She told a neighbor that she was not going to give him the computer. After Samayoa's death, a friend told investigating officers the only item missing from her apartment was her laptop.

---

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 with not change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the statute as section 1172.6.

Samayoa's cell phone showed that she received 18 calls from Bonfiglio's girlfriend on the morning of her death. Her laptop was found in Tiscareno's apartment along with an encoder, a credit card reader, narcotics paraphernalia and a debit card in appellant's name. Police recovered the murder weapon after an acquaintance of appellants told them appellant had buried it in the acquaintance's backyard.

*Trial and Jury Instructions*

Appellant and Tiscareno were tried together for robbery and first degree murder with a robbery special circumstance. With respect to appellant, the trial court instructed the jury to determine "if the following special circumstance: is true or not true: that the Murder was committed while the defendant was engaged in, or was an accomplice in the commission of, attempted commission of the following felony: Robbery in violation of Penal Code section 211 or 211.5. [¶] [¶] Unless an intent to kill is an element of a special circumstance, if you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true. [¶] If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." (CALJIC No. 8.80.1.)

3

The jury found appellant guilty of the first degree murder of Ginie Samayoa and found true the allegation that Samayoa's "unlawful killing" occurred "during the commission of the crime of robbery . . . ." It found not true the allegations that the murder was "willful, deliberate, and premeditated," that appellant personally and intentionally discharged a firearm which proximately caused Samayoa's death, that he personally and discharged a firearm, and that he used a firearm. (Capitalization omitted.) Appellant was also found guilty of robbery and possession of a firearm by a felon.

*Discussion*

Appellant contends the trial court erred in summarily denying his petition for resentencing because he was entitled to appointed counsel and because his jury was instructed on the now-discredited natural and probable consequences doctrine. Respondent concedes the trial court erroneously failed to appoint counsel to represent appellant, but contends the error was harmless because appellant is ineligible for section 1172.6 relief as a matter of law.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437) amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, §1, subd. (f).) To that end, S.B. 1437 amended section 189, by adding subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [e.g., robbery] in which a death occurs is liable for

4

murder only if one of the following is proven:  (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."  (Stats. 2018, ch. 1015, §3.)  It also added subdivision (a)(3) to section 188, barring conviction for murder under the natural and probable consequences doctrine.  (*People v. Gentile* (2020) 10 Cal.5th 830, 851.)

Section 1172.6 permits a person convicted of felony murder, murder under the natural and probable consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter[,]" to file a petition to have his or her murder conviction vacated and "to be resentenced on any remaining counts" when certain conditions apply.  (*Id.*, subd. (a).)  One such condition is that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019."  (*Id.*, subd. (a)(3).)  The petition must include a declaration by the petitioner showing that he or she is eligible for relief under the statute. (*Id.*, subd. (b)(1)(A).)

Once the petition has been filed, the trial court shall appoint counsel to represent the petitioner, if the petitioner has requested counsel.  (§ 1172.6, subd. (b)(3).)  After the prosecutor and petitioner have filed briefs, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for

relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Id.*, subd. (c).)  Within 60 days after issuing the order to show cause, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder or manslaughter conviction and to recall the sentence and resentence the petitioner . . . ." (*Id.*, subd. (d)(1).)

*Lewis, supra,* 11 Cal.5th 952 held, "the statutory language and legislative intent of section [1172.6] make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see §[1172.6], subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*Id.* at p. 957.)[3]  The failure to appoint counsel is, however, harmless error if there is no reasonable probability the petitioner would have obtained a more favorable result had counsel been appointed.  (*Id.* at p. 974.)

Here, the trial court erred when it summarily denied appellant's petition without first appointing counsel.  The error was, however, harmless.  Appellant's jury found true the special circumstance that he committed murder during the commission

---

[3] The Legislature has declared that recent amendments to section 1172.6 "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case." (Stats. 2021, ch. 551 (S.B. 775), § 1, subd. (b).)

of a robbery. This finding means that appellant is ineligible for relief under section 1172.6 as a matter of law.

Section 189 provides that a person may be liable for murder if, "The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (*Id.*, subd. (e)(2).) Appellant's jury was instructed, "If you find that a defendant was not the actual killer . . . you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree."

The special circumstance instruction is virtually identical to the criteria for felony-murder found in the current version of section 189. It follows that appellant cannot make the required prima facie showing. Based on the special circumstances instruction, the jury must have found beyond a reasonable doubt that appellant acted with the intent to kill. The same finding by a jury today would render him liable for first degree murder under the felony-murder rule as defined in section 189, subdivision (e)(2). As a consequence, appellant is ineligible for resentencing under section 1172.6 as a matter of law. The trial court's failure to appoint counsel was harmless error. (*Lewis, supra*, 11 Cal.5th at pp. 974-975.)

Appellant next contends his jury received conflicting and misleading instructions on aiding and abetting that would have allowed it to find the special circumstance true based on a co-defendant's intent to kill, rather than on his own intent. He argues the trial court erred when it refused to appoint counsel or

hold an evidentiary hearing because it could not have known whether the jury relied on a valid theory of aiding and abetting liability. At that hearing, he argues, the trial court should apply the harmless error standard articulated in *People v. Chiu* (2014) 59 Cal.4th 155, 167 and *People v. Guiton* (1993) 4 Cal.4th 1116, 1128-1129. In his supplemental brief, appellant contends he is also entitled, under the most recent amendments to section 1172.6 and the Sixth, 13th and 14th amendments to the Constitution to have these issues decided by a jury.

But appellant is not entitled to an evidentiary hearing as a matter of law. As we have explained, appellant's jury was instructed that it could not find the robbery-murder special circumstance to be true unless it found either that appellant was the actual killer or that he "with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." Because the record of conviction establishes that appellant was convicted based either on his status as the actual killer or as an aider and abettor with intent to kill, he was not entitled to an evidentiary hearing on the petition because he is ineligible as a matter of law for relief under section 1172.6.

Our Supreme Court's recent opinion in *People v. Strong* (2022) 13 Cal.5th 698, does not alter this result. There, our Supreme Court considered whether a person was precluded from making out a prima facie case for resentencing under section 1172.6 where the person was convicted of murder with a felony-murder special circumstance (§ 190.2, subd. (a)) but was not found to have been the actual killer (*id.,* subd. (b)) or to have abetted the felony with the intent to kill (*id.,* subd. (c)). Instead, the defendant in *Strong* was found to have been a "major

8

participant" in the underlying felony who acted "with reckless indifference to human life" within the meaning of section 190.2, subdivision (d). *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, substantially clarified the law surrounding the findings required under section 190.2, subdivision (d). In light of these clarifications, our Supreme Court held in *Strong* that a person convicted of felony murder with a special circumstance finding under section 190.2, subdivision (d) made before *Banks* and *Clark* were decided would not be precluded from making out a prima facie case for resentencing under section 1172.6. *Strong* does not apply here because appellant's jury did not consider section 190.2, subdivision (d). Instead, appellant's jury found that he abetted the robbery "with the intent to kill," within the meaning of section 190.2, subdivision (c).

We also reject appellant's third contention, that he is entitled to a jury trial on his petition, for the same reason. Even if appellant were eligible for section 1172.6 relief, he would be entitled to resentencing, not a new jury trial. (*People v. James* (2021) 63 Cal.App.5th 604, 607-611; *People v. Howard* (2020) 50 Cal.App.5th 727, 740.)

*Conclusion*

The order denying appellant's petition for relief under former section 1170.95 (now section 1172.6) is affirmed.

9

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.